IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

**ELLI-HOU FARMS, LLC,**                                    Case No. 1:21-cv-00952-CL

                    **Plaintiff,**

       **v.**

                                    **OPINION AND ORDER**

**EHAB ABU FARIE, et al,**

                    **Defendants.**

CLARKE, Magistrate Judge.

Plaintiff Elli-Hou Farms, LLC, brings this cause of action against the defendants, Ehab Abu Farie, Ahmad Abu Fair, Mohamed Abu Farie, (collectively, "the individual defendants"), and E-Juice Vapor, Inc.  The case comes before the Court on Plaintiff's motion for approval of an alternative service method (#13) as to the individual defendants.  For the reasons below, the motion is GRANTED.

## DISCUSSION

Without proper service, the court cannot exercise jurisdiction over a defendant. *See Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has

been served properly under [Rule] 4."). The defendants at issue here are individuals. Federal

Rule of Civil Procedure 4(e) authorizes four methods of service for an individual[1]:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> > (A) delivering a copy of the summons and of the complaint to the individual personally;
> > (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> > (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Similarly, under state law, the Oregon Rules of Civil Procedure provide:

> Summons shall be served, either within or without this state, in any manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend... Service may be made, subject to the restrictions and requirements of this rule, by the following methods: personal service of true copies of the summons and the complaint upon defendant or an agent of defendant authorized to receive process; substituted service by leaving true copies of the summons and the complaint at a person's dwelling house or usual place of abode; office service by leaving true copies of the summons and the complaint with a person who is apparently in charge of an office; service by mail; or service by publication.

ORCP 7(D)(1). The Rules provide that service by publication should be authorized when "it

appears that service is not possible under any method otherwise specified in" the Oregon Rules

of Civil Procedure "or other rule or statute" and upon "a motion supported by affidavit or

declaration" requesting "a discretionary court order to allow alternative service by any method or

combination of methods that, under the circumstances, is most reasonably calculated to apprise

---

[1] Rule 4(e) authorized service for an individual "other than a minor, an incompetent person, or a person whose waiver has been filed." Plaintiff attests that the Individual Defendants do not fall in to any of these categories.

the defendant of the existence and pendency of the action." ORCP 7(D)(6). When granting leave

to serve defendants by publication, a court must "direct publication to be made in a newspaper of

general circulation in the county where the action is commenced," but "[i]f the plaintiff knows of

a specific location other than the county in which the action is commenced where publication

might reasonably result in actual notice to the defendant . . . the court may order publication in a

comparable manner at that location in addition to, or in lieu of, publication in the county in

which the action is commenced." ORCP 7 D(6)(a)(i)(A).

      Service by publication is necessary in this case because it appears that service on the

Individual Defendants is not possible under any other method specified in the Oregon Rules of

Civil Procedure or other rule or statute.  Plaintiff has made diligent efforts to determine the

Individual Defendants' most recent known addresses and has attempted all of the methods of

service permitted by FRCP 4(e) and ORCP 7 on an individual defendant, but without success.

Plaintiff engaged a private investigator who unsuccessfully attempted personal and substituted

service on the Individual Defendants at their last known residential addresses and the address of

an immediate family member. Mills Decl. ¶¶ 2, 4–5. Plaintiff also attempted service by mail at

each of the Individual Defendants' two most recent known residential addresses and the

current forwarding address on file with the United States Postal Service. Mills Decl. ¶ 8.

Although the forwarding address on file for the Individual Defendants with the United States

Postal Service is a postal box, Plaintiff's attempts to serve the Individual Defendants by mail at

that address were returned with notations stating that the box was "closed." Mills Decl. ¶ 8.

Additionally, information provided to Plaintiff by the Detective suggests that some or all of the

Individual Defendants may never have maintained a box at that address at all. Mills Decl. ¶ 9.

Accordingly, the Individual Defendants are not and may have never been "tenants" of a "mail agent" upon whom service could be accomplished pursuant to ORCP 7 (D)(3)(a)(iv). Therefore, service on the Individual Defendants is not possible at this time via any of the methods provided for in ORCP7(D)(3) and alternative method of service is necessary.

To complete service on the Individual Defendants, Plaintiff proposes to publish copies of summonses in *the Orange County Register*, in Orange County, California, once per week for four consecutive weeks, pursuant to the requirements of ORCP 7(D)(6). Plaintiff asserts that publication in Orange County, in lieu of publication in Jackson County, Oregon, where this action was commenced, is significantly more likely to provide the Individual Defendants with actual notice. Plaintiff asserts that, based on extensive research and past interactions between Plaintiff and the Individual Defendants, to the best of Plaintiff's knowledge the Individual Defendants most recently resided in Orange County, California, and have resided there for many years. Mills Decl. ¶ 7, Ex. 1; Houston Decl. ¶¶ 2-3. Plaintiff has interacted directly with the Individual Defendants on multiple occasions since December 2019. Based on those interactions, Plaintiff believes they reside and conduct their business operations in Orange County. Houston Decl. ¶¶ 2-3. Moreover, the *Orange County Register* has been adjudicated by the Superior Court of California for the County of Orange as a newspaper of general circulation and publication within Orange County.

The Court finds that the proposed method is reasonably calculated to apprise the Individual Defendants of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend. In doing so, Plaintiff will comport with the Oregon Rules of Civil Procedure and fulfill the requirements of FRCP 4(e)(1).

## ORDER

For the reasons above, the motion for alternative method of service (#13) is GRANTED.

Plaintiff shall serve the Individual Defendants by publishing copies of summonses in the *Orange County Register*, in Orange County, California, once per week for four consecutive weeks.

IT IS SO ORDERED and DATED this ___ day of December, 2021.

MARK D. CLARKE
United States Magistrate Judge